IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02715-REB-MJW

LANCE R. CASSINO,

Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and
MARGARET T. CHAPMAN, as Public Trustee of Jefferson County, Colorado,

Defendants.

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

      Now before the court is Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Set Entry of Default (Docket No. 31).  The court notes that, pursuant to D.C.COLO.LCivR 7.1(d), nothing precludes the court from ruling on a motion at any time after it is filed.

      On November 13, 2013, plaintiff filed a return of service (Docket No. 11) indicating defendant Mortgage Electronic Registration Systems, Inc. ("MERS") was served on October 22, 2013.  On November 27, 2013, an entry of default (Docket No. 23) was entered against MERS.  On December 2, 2013, the court held a Status Conference (Docket No. 26) during which counsel Jeremy Peck informed the court that MERS intended to defend itself against plaintiff's claims.  MERS now moves to set aside the entry of default.

      The Court may set aside an entry of default for good cause.  See Fed. R. Civ. P. 55(c).  This good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b).  Id.; Dennis Garberg & Assocs., Inc. v. Pack–Tech Int'l Corp., 115 F.3d 767, 775 n.6 (10th Cir. 1997).  In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense.  See Hunt v. Ford Motor Co., 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing In re Dierschke, 975 F.2d 181, 183 (5th Cir.1992)).  The Court need not consider each one of these factors and may consider other factors in its discretion.  Id.  Guiding the Court's analysis is the

time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment." <u>Gomes v. Williams</u>, 420 F.2d 1364, 1366 (10th Cir. 1970); <u>see also</u> <u>Katzson Bros., Inc. v. E.P.A.</u>, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").

Utilizing the above factors, the court finds that good cause exists to set aside the entry of default. First, counsel for MERS appeared at the Status Conference, which took place a mere two business days following entry of default, and informed the court that MERS intended to defend against plaintiff's claims. This would indicate that MERS's did not "willfully" fail to respond to plaintiff's complaint. In addition, at this early stage of litigation (a Rule 16 Scheduling Conference has not taken place), plaintiff will not be prejudiced by setting aside the entry of default. Furthermore, as outlined in the subject motion, MERS appears to have a meritorious defense to plaintiff's claims. Finally, the court is mindful of the preference to consider a case on its merits, and not by default judgment.

Accordingly, it is hereby ORDERED that Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Set Entry of Default (Docket No. 31) is GRANTED and the Clerk's Entry of Default (Docket No. 23) is VACATED and set aside.

It is FURTHER ORDERED that the Motion for Default Judgment against MERS (Docket No. 19) is DENIED AS MOOT.

It is FURTHER ORDERED that defendants MERS and JPMorgan Chase shall have up to and including December 17, 2013 to answer or otherwise respond to plaintiff's complaint.

<u>Date: December 10, 2013                                                                     </u>