**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:13-cv-02715-REB-MJW

LANCE R. CASSINO,

    Plaintiff,

v.

JP MORGAN CHASE BANK, NATIONAL ASSOCIATION,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., and
MARGARET T. CHAPMAN, as Public Trustee of Jefferson County, Colorado,

    Defendants.

## ORDER

**Blackburn, J.**

This matter is before the court on **Plaintiff's Notice of Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)** [#63],[1] filed April 7, 2014.  Rule 41(a)(1) provides that, subject to conditions not applicable here, "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." **FED. R. CIV. P.** 41(a)(1)(A)(i).  Unless specifically indicated by plaintiff or stipulated by all parties, the dismissal is without prejudice.  **FED. R. CIV. P.** 41(a)(1)(B).

Defendants have filed a motion to dismiss, but have not filed an answer or motion for summary judgment.  Although the court requested defendants' position on

---

[1] "[#63]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

the notice of dismissal (*see* **Minute Order** [#64], filed April 10, 2014), and defendants indicated that they opposed a dismissal without prejudice (*see* **The Bank Defendants' Response to Plaintiff's Notice of Voluntary Dismissal Without Prejudice** [#65], filed April 21, 2014), the law in this circuit is clear that the filing of a motion under Rule 12 does not extinguish a plaintiff's right to voluntarily dismiss without prejudice.  ***See De Leon v. Marcos***, 659 F.3d 1276, 1283 (10th Cir. 2011);  ***Bunner v. Koch***, 2009 WL 798539 at *1 (D. Colo. March 24, 2009).   Therefore, no court order was necessary to effectuate the dismissal, which became effective immediately on filing the notice.  ***See*** 9 C. Wright, A. Miller, M. Kane, R. Marcus, and A. Steinman, **Federal Practice & Procedure** § 2363 (3rd ed.); ***Janssen v. Harris***, 321 F.3d 998, 1000-01 (10th Cir. 2003); ***Bunner***, 2009 WL 798539 at *1.  Indeed, the filing of the notice effectively divested the court of jurisdiction:

> The [filing of a Rule 41(a)(1)(i) notice] itself closes the file.  There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play.  This is a matter of right running to the plaintiff and may not be extinguished or circumscribed by adversary or court.  There is not even a perfunctory order of court closing the file.  Its alpha and omega was the doing of the plaintiff alone.  The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)(i) is to leave the parties as though no action had been brought.  Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them.

***Janssen***, 321 F.3d at 1000 (citation and internal quotation marks omitted; alteration in ***Janssen***).  Thus, whatever the merits of defendants' arguments for dismissal, the court is without authority to consider them.

**THEREFORE, IT IS ORDERED** as follows:

1. That this case is **DISMISSED WITHOUT PREJUDICE** based on **Plaintiff's Notice of Voluntary Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)** [#63], filed April 7, 2014, and effective as of the date of filing of that notice; and

2. That plaintiff's **Motion for Extension of Time To Reply to Defendant JP Morgan Chase Bank, National Association "The Bank Defendants Response to Plaintiff's Notice of Voluntary Dismissal Without Prejudice"** [#66], filed April 28, 2014, is **DENIED AS MOOT**.

Dated April 30, 2014, at Denver, Colorado.

                          **BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge